UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELVIRA LULGJURAJ,

        Plaintiff,                                    No. 13-11655

vs.                                                    Hon. Gerald E. Rosen

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on December 05, 2013
PRESENT: Honorable Gerald E. Rosen
United States District Chief Judge

I. INTRODUCTION

This action to recover personal injury protection ("PIP") benefits pursuant to a Michigan no-fault automobile insurance policy was originally assigned to the Honorable Denise Page Hood and recently reassigned to this Court as a "companion case" to its previously-dismissed case, *Lulgjuraj v. State Farm Mutual Automobile Ins. Co.*, No. 13-11656.

While the instant case was still pending before Judge Hood, Defendant filed a Motion for Summary Judgment, seeking dismissal of Plaintiff's Complaint "for the same

1

reasons set forth in Judge Rosen's May 15, 2013 memorandum opinion and order [in Case No. 13-11656]". *See* Brief in Support of Defendant's Motion for Summary Judgment, Doc. # 12, p. 3, Pg ID 30. Plaintiff responded to Defendant's Motion. Judge Hood held a hearing on Defendant's Motion on November 20, 2013, and at the conclusion of the hearing, indicated that the Court would "rule on the briefs." *See* 11/20/13 Docket Notation. Thereafter, the case was reassigned the case to this Court.

This Court has now had an opportunity to review and consider Defendant's Motion, Plaintiff's Response, and the entire record of the case, and has determined that Defendant's Motion should be granted.

## II. PERTINENT FACTS

Plaintiff's Complaint in this matter arises out of an automobile accident which occurred in Bruce Township in Macomb County, Michigan on December 29, 2012. On that date Plaintiff Elvira Lulgjuraj, a resident of Sterling Heights, Michigan, was driving an automobile owned by Bardhyl Mulalli. Drana Lulgjuraj, the plaintiff in the previously-dismissed Case No. 13-11656, was a passenger in the car.[1] According to the Complaint, as Elvira Lulgjuraj completed a left turn in the intersection of Hipp Road and 35 Mile Road in Bruce Township, the car hit an icy patch and collided with a parked car owned by Angela Lynn Baker. Plaintiff claims to have sustained serious injuries as a result of the collision and now seeks to recover damages for those injuries from State

---

[1] But for the names of the plaintiffs, the allegations in the Complaints in both this case and in previously-dismissed Case No. 13-11656 are identical in all material respects.

Farm Automobile Insurance Company ("State Farm"), Bardhyl Mulalli's insurer. As was the case in Drana Lulgjuraj's action, Plaintiff here has not named Mulalli as a party-defendant.

On April 12, 2013, the same date on which Drana Lulgjuraj's complaint was filed, Plaintiff Elvira Lulgjuraj's Complaint was filed. In her Complaint, Plaintiff alleges, as did Drana, diversity of citizenship as the basis for this Court's jurisdiction. This jurisdictional allegation is predicated upon Plaintiff's Michigan citizenship and the Illinois citizenship of Defendant State Farm.[2] As in Drana Lulgjuraj's case, Plaintiff's Complaint in this action contained no allegations as to the citizenship of Mulalli, the owner of the vehicle insured by State Farm. Although Defendant noted this deficiency in its Motion for Summary Judgment, Plaintiff has made no claim that Mulalli is a citizen of any state other than Michigan.

In its May 15, 2013 Memorandum Opinion and Order in Drana Lulgjuraj's case, this Court found that, pursuant to 28 U.S.C. § 1332(c)(1), because Mulalli, who was not named as a party defendant, is a Michigan resident, State Farm was also deemed to be a citizen of the State of Michigan, and, therefore, diversity of citizenship was lacking. *See Lulgjuraj v. State Farm Mutual Automobile Ins. Co.*, 2013 WL 2075446 (E.D. Mich. May 15, 2013). Relying on that decision, Defendant State Farm now moves for summary judgment in this case.

---

[2] According to the Complaint, State Farm is incorporated in Illinois and has its principal place of business in that state. [*See* Complaint, ¶¶ 2-3.]

III. DISCUSSION

28 U.S.C. § 1332(c)(1) provides:

For purposes of this section and section 1441 of this title [which governs removal of actions]

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, ***except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen,*** as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

This Court fully discussed the applicability of Section 1332(c)(1) in dismissing Drana Lulgjuraj's complaint last May. *See Lulgjuraj v. State Farm Mutual Automobile Ins. Co.*, 2013 WL 2075446 (E.D. Mich. May 15, 2013). As the Complaint in this case is virtually word-for-word identical to Drana Lulgjuraj's complaint, the Court need not recite at any length the grounds for granting Defendant's Motion as they were thoroughly stated in the May 15, 2013 Memorandum Opinion and Order in Drana Lulgjuraj's case, which the Court hereby incorporates by reference in this case. Briefly stated, the Sixth Circuit has determined that in suits against insurers under Michigan's no-fault scheme, the direct action provision in 28 U.S.C. § 1332(c)(1) is applicable, and where imputing the insured's citizenship to the insurer destroys diversity, the federal court is without jurisdiction to hear the case. *Ford Motor Co. v. Insurance Company of North America*, 669 F.2d 421, 425 (6th Cir. 1982). *See also*, *McMurry v. Prudential Prop. & Cas. Ins.*

*Co.,* 458 F. Supp. 209 (E.D. Mich. 1980); *Tyson v. Conn. Gen. Life Ins. Co.*, 495 F. Supp. 240 (E.D. Mich. 1980) (both cases expressly adopted by *Ford Motor Co., supra*, as correct views of the applicability of § 1332(c)(1) to Michigan's no-fault laws); *Mathis v. The Hartford Ins. Co.*, 770 F. Supp. 2d 891 (E.D. Mich. 2010); *Young v. Allstate Ins. Co.*, E.D. Mich. No. 11-cv-10888-GER-RSW, Dkt. # 13 (6/23/11Opinion and Order).

Pursuant to Section 1332(c)(1), this Court lacks subject matter jurisdiction over this action. Elvira Lulgjuraj is a citizen of Michigan. State Farm is a citizen of Illinois, and because Mulalli, the insured, is apparently a citizen of the State of Michigan[3] and is not named as a party-defendant, the insurance company is also deemed a citizen of the State of Michigan. Lulgjuraj's position as a claimant-occupant in the vehicle owned by the insured has no effect on the applicability of the direct action provision. *See McMurry, supra; Mathis, supra; Young, supra.*

Furthermore, Plaintiff's reliance on the *Scott-Ponzer*[4] line of cases is misplaced.

---

[3] As indicated, it does not appear from the parties' pleadings that Mulalli is a citizen of any state other than Michigan. In any event, the party invoking the jurisdiction of the federal court has the burden of establishing jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Fed.R.Civ.P. 8(a)(1). It is not sufficient that federal jurisdiction may potentially exist; the party invoking federal jurisdiction must affirmatively establish it. *McNutt, supra.* Thus, it is Plaintiff's burden to establish facts demonstrating the non-applicability of the insurance proviso in Section 1332(c)(1). Plaintiff has not met this burden.

[4]*Scott-Pontzer v. Liberty Mut. Fire & Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999).

As the Court explained at length in its May 15, 2013 Memorandum Opinion and Order in Drana Lulgjuraj's case, in a *Scott-Pontzer* claim, the insured sues his or her own insurance carrier. *See Lee-Lipstreu v. Chubb Group Ins. Cos.,* 329 F.3d 898, 899-900 (6th Cir. 2003); *see also Estate of Monahan*, 75 Fed. App'x at 343 (6th Cir. 2003). The Sixth Circuit has held that in such cases, the direct action provision of § 1332(c)(1) is not applicable. *See Lee-Lipstreu, supra*. Here, however, Plaintiff does not seek to recover benefits from her own insurance company but rather from the insurer of a third-party, Bardhyl Mulalli. Therefore, *Lee-Lipstreu* and its progeny are inapplicable.

## IV. CONCLUSION

For all of the foregoing reasons, and as more fully discussed in *Lulgjuraj v. State Farm Mutual Automobile Ins. Co.*, No. 13-11656, 2013 WL 2075446, (E.D. Mich. May 15, 2013),

IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is GRANTED. Accordingly,

IT IS FURTHER ORDERED that this case be, and hereby is, DISMISSED, in its entirety, for lack of federal subject matter jurisdiction.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: December 5, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 5, 2013, by electronic and/or ordinary mail.

        s/Julie Owens
        Case Manager, (313) 234-5135